SWOPE v. VILLARD et al.

(Circuit Court, S. D. New York. May 16, 1894.)

1. CORPORATIONS—RIGHT OF STOCKHOLDER TO SUE IN BEHALF OF CORPORA-
TION—RECEIVERS.

A stockholder of a corporation that is in a receiver's hands has no right to sue upon a cause of action in favor of the corporation upon refusal of

v.61F.no.5—27

the receiver to sue on the stockholder's request, without showing that he has asked the court that appointed the receiver to direct him to sue.

2. SAME—PLEADING.

A bill by a stockholder in a suit by him upon a cause of action accruing to the corporation which alleges that he has requested the directors to sue, and that they have neglected and refused to do so, without showing when or how the request to sue was made, nor upon what showing of facts, nor whether the persons who then composed the board of directors are still in office, is demurrable as not showing that the stockholder has exhausted all means within his reach to obtain redress within the corporation itself.

3. ACTION AGAINST RECEIVERS—LEAVE OF COURT.

Supp. Rev. St. 614, which declares that any receivers appointed by federal courts "may be sued in respect of any act or transaction of his in carrying on the business" without leave of court, does not authorize a suit by a stockholder of a corporation against its receiver and others, without leave of court, upon a cause of action which accrued to the corporation before the receiver was appointed, and upon which the receiver has refused to sue, since such refusal does not constitute an act or transaction in carrying on the business.

Bill by Swope against Villard and others.

Wm. F. Randel, for complainant.

Evarts, Choate & Beaman, for defendants Colby and Hoyt.

Carter, Hughes & Kellogg, for defendant Abbot.

TOWNSEND, District Judge. The questions herein are raised by the demurrers of the defendants Colby, Hoyt, and Abbot to this bill in equity, brought by a stockholder owning 25 shares in the Northern Pacific Railroad Company, to enforce a cause of action in favor of said company against said defendants and Henry Villard. The said company and its receivers are also joined as defendants. The facts alleged as showing such cause of action against said Villard, Colby, Hoyt, and Abbot need not be fully stated, in view of the conclusions reached; but, in brief, the bill alleges that said defendants, being directors in the defendant corporation, and the owners of certain railroad properties, conspired, confederated, and agreed together to cheat and defraud said Northern Pacific Railroad Company by, in substance and effect, selling to it and causing it to buy, said properties, for a price greatly in excess of the cost and value thereof, and at an exorbitant profit to themselves, and that, in execution of said conspiracy and fraudulent combination, said defendants conveyed said properties to one corporation, and caused it to lease the same to another corporation, both of which were controlled by said defendants, and caused said lease to be transferred to said Northern Pacific Railroad Company. The bill further alleges that three of said four defendants were, during all this time, directors of the defendant corporation; that they procured the other directors to consent to said lease by fraudulent misrepresentations as to the value of the property, and by concealment of their personal interests therein; and that said lease was afterwards ratified by a majority of its stockholders, who were ignorant of these transactions. The allegations upon which this stockholder claims the right to enforce this cause of action are as follows:

"* * * That he has requested the board of directors of the said Northern Pacific Railroad Company and the defendant receivers to institute and maintain an action to compel defendants Henry Villard, Charles L. Colby, Colgate Hoyt, and Edwin H. Abbot to make such restitution and repayment as above mentioned, which they, the said directors and said defendant receivers, have heretofore neglected and refused to do, and further avers that, up to the time of the appointment of said receivers, it was impossible for him to obtain any action by said board of directors hostile to the personal interests of said defendants above named, or either of them; and, since the appointment of said defendant receivers, it has been likewise impossible for plaintiff to induce said receivers to take any action hostile to said defendants."

The objections presented by the demurrers are as follows: That the court has no jurisdiction of the cause of action set forth in the bill, inasmuch as it appears on the face of the bill that the receivers of the Northern Pacific Railroad Company, who are necessary and indispensable parties to the suit, were, prior to its commencement, appointed by the United States circuit court for the eastern district of Wisconsin, which court has exclusive jurisdiction of the matters alleged in the bill, and of said receivers, who have since been discharging their duties under said order, and that it does not appear that any leave to sue said receivers has been obtained from said court; that said bill does not set forth with particularity any efforts of the complainant to secure such action as he desires on the part of said corporation and its directors and stockholders, and does not show that he made an earnest effort to induce said directors and stockholders, or said receivers, to enforce said alleged claim, or any reason for his failure so to do. Laches, want of equity, and that the complainant is not entitled to the relief prayed for, are also claimed.

This suit is brought, in the right of the Northern Pacific Railroad Company, to enforce a cause of action alleged to exist in its favor. The first question presented is, therefore, whether the complainant, in his bill, alleges such facts as entitle him to assert and enforce such cause of action in the interest of that company. The cause of action, if it exists, is one which it belongs primarily either to the railroad company itself, or to the receivers appointed as alleged in the bill, to enforce; and the bill will not lie unless it appears from the facts alleged that, for the protection of the rights of the company, the plaintiff, as a stockholder, should be permitted to represent it, to assert the cause of action and demand relief in its behalf. If the result of the appointment of receivers was to vest in them the management of the railroad company's affairs, to substitute them for the directors with respect to its property and rights generally, and, in particular, with respect to causes of action existing in its favor, there is no need of considering the allegations as to the efforts made to induce the company, before such appointment, to sue for the relief which the complaint seeks to obtain for it here. The right of a stockholder to sue to enforce a cause of action in favor of the corporation arises only from failure of the managers of its affairs at the time to use their powers and to do their duty in respect thereto. If the ordinary powers and duties of directors have been suspended by a receivership, if they are not at the time the managers of its affairs, if they have no power to enforce a cause

of action in its favor, they have and can have no duty in the premises, and their inaction, or refusal to act, can have no legal effect whatever. That the right of a stockholder to sue, as representing the corporation, depends, not upon the attitude of the managers of its affairs in the past, but upon the attitude of the managers at the time the right is asserted by the stockholder's bill, cannot be doubted. Hawes v. Oakland, 104 U. S. 450; Porter v. Sabin, 149 U. S. 478, 13 Sup. Ct. 1008.

It appears from the bill, and was claimed by both sides on the argument, that the receivers, by their appointment in Wisconsin, were vested with the management of the company's property and rights, although the nature of the receivership is not so fully shown as might be desired; in other words, that they were, at the time when this suit was brought, the proper persons to enforce any such cause of action as the complainant asserts. The inquiry, therefore, becomes this: Does the bill show such neglect or refusal by the receivers to enforce this cause of action as entitles the complainant to sue in their stead? The receivers are merely officers of the court. The management of the affairs of the company was taken by the court; by the receivers only as its officers. Receivers can act only under the orders of the court. A request for action by the receivers is not complete until it reaches the court itself, to which the receivers are responsible. Neglect of such a request, or even a refusal of such a request by the receivers alone, certainly cannot justify a stockholder in usurping the receivers' functions, by prosecuting in another court a cause of action which the receivers should have prosecuted. It is the fundamental doctrine, in regard to such stockholders' suits as this, that the stockholder must have exhausted reasonable effort to cause action to be taken by the proper managers of the company's affairs. Such reasonable effort is not exhausted, when the management is in a court, until such court has been asked to act, or to direct action by its receivers. It may well be doubted whether the refusal of such an application by the court would give a stockholder the right to sue. Neglect and dereliction of duty can hardly be charged against a court; especially, in one federal court against another. The refusal of the court to direct suit upon an alleged cause of action would seem rather to prevent a stockholder from suing thereon, than to give occasion for his doing so, unless the court expressly authorized him to sue. This seems to be the result of the decision in Porter v. Sabin, 149 U. S. 478, 13 Sup. Ct. 1008, in which Justice Gray says:

"When a court exercising jurisdiction in equity appoints a receiver of all the property of a corporation, the court assumes the administration of the estate. The possession of the receiver is the possession of the court; and the court itself holds and administers the estate through the receiver, as its officer, for the benefit of those whom the court shall ultimately adjudge to be entitled to it. Wiswall v. Sampson, 14 How. 52, 65; Peale v. Phipps, Id. 368; Booth v. Clark, 17 How. 322, 331; Union Bank v. Kansas City Bank, 136 U. S. 223, 10 Sup. Ct. 1013; Thompson v. Insurance Co., 136 U. S. 287, 297, 10 Sup. Ct. 1019. It is for that court, in its discretion, to decide whether it will determine for itself all claims of or against the receiver, or will allow them to be litigated elsewhere. It may direct claims in favor of the corpora-

tion to be sued on by the receiver in other tribunals, or may leave him to adjust and settle them without suit, as in its judgment may be most beneficial to those interested in the estate."

But, however this may be, there would seem to be no doubt that a stockholder cannot have exhausted reasonable effort to secure the enforcement of a cause of action in the manner in which it should, primarily, be enforced, without applying to the court in which the management of the corporate affairs is vested. No such application is alleged in the bill herein. The only allegations are that plaintiff has requested the receivers to sue, and they have neglected and refused to do so. The further allegation that, since the appointment of the receivers, it has been "impossible for plaintiff to induce said receivers to take any action hostile to said defendants," is hardly to be accepted as an allegation of fact. Squair v. Lookout Mountain Co., 42 Fed. 729.

If, now, it be assumed that for any reason the receivers were not, by their appointment, vested with the power to enforce the alleged cause of action, then the railroad company was the proper party to sue; and upon this assumption the allegations of the bill do not justify action by the complainant in its stead. All that is alleged in this regard is that plaintiff has requested the directors to sue, and they have neglected and refused to do so. The further allegation that, up to the time of the appointment of the receivers, it was "impossible for him to obtain any action by the board of directors hostile to the personal interests of said defendants above named," is not an allegation of the facts, but a conclusion, merely. It may, however, be noticed, in passing, that the plaintiff limits this allegation of impossibility to the time before the appointment of the receivers. The bill does not show when or how the request to sue was made, nor upon what showing of facts, nor whether the persons who then composed the board of directors still continue in office. Only a minority of the board is charged with the wrongs asserted. It is said that the majority acted in what they did through misunderstanding, which would naturally have passed away some time ago. Moreover, although the transactions complained of took place in 1889 and 1890, and there has been ample time to attempt to secure proper attention to them through action of the stockholders, yet it does not appear that any effort has been made to bring about such action. For these and other reasons, even upon the assumption that the powers of the directors in the premises were not suspended by the receivership, the bill does not seem to me to satisfy the requirements of the rules laid down in Hawes v. Oakland, 104 U. S. 450, and similar cases. It does not appear that the complainant "exhausted all the means within his reach to obtain, within the corporation itself, the redress of his grievances, or action in accordance with his wishes."

Another fatal defect of the bill is that it does not show that the court which appointed the receivers has given the complainant leave to sue them. If the effect of the appointment of the receivers was such as appears from the bill, and was assumed or conceded on the argument, these receivers are indispensable parties; and the decision of the supreme court in Porter v. Sabin, 149 U. S. 478, 13 Sup.

Ct. 1008, is conclusive. In that case, after a receiver of a corporation had been appointed by the state court, plaintiffs requested him to sue its president and auditor for money and property lost by their mismanagement. This request was brought to the attention of the court, and, being opposed by a majority of the stockholders, was denied. Then plaintiffs began their suit in the federal court, and applied to the state court for leave to make the receiver a party, and this application was denied; and this was shown in the amended bill. Upon demurrer this bill was dismissed. Justice Gray, delivering the opinion of the supreme court, says:

"Any claim against the receiver of a corporation the court may permit to be put in suit in another tribunal against the receiver, or may reserve to itself the determination of; and no suit, unless expressly authorized by statute, can be brought against the receiver, without the permission of the court which appointed him. Barton v. Barbour, 104 U. S. 126; Railroad Co. v. Cox, 145 U. S. 593, 601, 12 Sup. Ct. 905."

It is argued that the necessity for obtaining such leave of court is dispensed with by section 3 of the act of August 13, 1888 (U. S. Rev. St. Supp. 614), which provides as follows:

"That every receiver or manager of any property appointed by any court of the United States may be sued in respect of any act or transaction of his in carrying on the business connected with such property without the previous leave of the court in which such receiver or manager was appointed."

No act or transaction of the receivers is involved in this suit, unless it be their refusal to sue as requested. In my opinion, that is not an act or transaction of theirs in carrying on the business, within the meaning of this statute.

It is argued that leave to sue the receivers may now be given in this cause, the court taking notice of the fact—not alleged in the bill, but shown, it is said, by its records—that this court, after the appointment of the receivers in Wisconsin, appointed the same persons receivers in a similar cause here. It is unnecessary to decide whether the court, in one cause, is bound to know what its record in another cause discloses, or what action the court has taken in another cause. Nor is it necessary to decide whether, by its expressed or tacit consent in a suit brought against receivers, the court which appointed them may properly cure the defect of lack of leave at the time the suit was begun. It is enough to say that the allegations of the bill and the records of this court either show that the relation of the receivers to the alleged cause of action against Villard and others depends upon their appointment in Wisconsin, and not on their appointment here, or are insufficient for the determination of this question, and that if it is for this court to decide whether this suit should proceed, as against the receivers, this should be decided, not upon the allegations of this bill (which are made upon information and belief, and are admitted only by the demurrants, and by them only for the purposes of their demurrers), but upon a hearing in the cause in which the receivers were appointed, after proper notice to the parties to that cause. No action of this court, however brought about, and whether in this suit or the other, can remove the objection to the bill first stated in this opinion, for

that objection goes to the cause of action. If plaintiff had no right to sue when he began his suit, he cannot maintain his suit by reason of anything occurring thereafter. The demurrers are sustained. Let the bill be dismissed, as against the demurring defendants.