Points Decided.

(December 11, 1912.)

# ED. McTAMANY, Appellant, v. H. L. DAY et al., Respondents.

[128 Pac. 563.]

Bᴀɴᴋs ᴀɴᴅ Bᴀɴᴋɪɴɢ—Sᴛᴀᴛᴜᴛᴏʀʏ Cᴏɴsᴛʀᴜᴄᴛɪᴏɴ—Sᴛᴏᴄᴋʜᴏʟᴅᴇʀs ᴀɴᴅ Dɪʀᴇᴄᴛᴏʀs' Lɪᴀʙɪʟɪᴛʏ—Eɴꜰᴏʀᴄᴇᴍᴇɴᴛ ᴏꜰ—Pᴀʀᴛʏ Pʟᴀɪɴᴛɪꜰꜰ—Rᴇ-ᴄᴇɪᴠᴇʀ.

(Syllabus by the court.)

1. Under the provisions of sec. 2745, Rev. Codes, each stockholder of a corporation is individually and personally liable for its debts and liabilities to the full amount unpaid upon the par or face value of the stock or shares owned by him, and any creditor of the corporation may institute an action against any of the stockholders, jointly or severally, and in such action the court must determine the amount unpaid upon the stock held or owned by each defendant, and a several judgment must be entered against him for a sum not exceeding such amount.

2. That section does not apply to banking corporations, as the organization, internal management and supervision of banks are provided for by chap. 13, art. 1, of the Rev. Codes, beginning at sec. 2968.

3. Sec. 2979, Rev. Codes, applies to the liabilities of stockholders of every incorporated bank, and provides that they shall be liable to the creditors of the bank to the amount of their stock at the par value thereof, in addition to the stock held by them; and also provides that such liability may be enforced by an action at law or a suit in equity by any such bank in the process of liquidation, or by any receiver or other person succeeding to the legal rights of such bank.

4. In case of recovery on all or either of the grounds of recovery alleged in the complaint, the amount recovered would be an asset of the bank, and in this case the action should be brought by the receiver.

5. *Held,* that the provisions of sec. 2732, Rev. Codes, have no application to banking corporations.

6. If the board of directors has declared and paid illegal dividends, the amount paid, if recovered, would be a part of the assets of the bank.

7. If the receiver has failed to do his duty, proper application should be made to the court to compel him to do so or to remove

him, as the receiver ought diligently to proceed and recover all of the assets of an insolvent bank and distribute them as provided by law.

APPEAL from the District Court of the First Judicial District for Shoshone County. Hon. W. W. Woods, Judge.

Action to recover from the stockholders and directors of a state bank the balance of a deposit made by the plaintiff in said bank. Demurrer to the complaint sustained and judgment of dismissal entered. *Affirmed.*

A. G. Kerns, for Appellant.

Under the law of this state the fraud, misconduct and neglect of the defendants as shown by the allegations of the complaint brings them within the exceptions of the provisions of sec. 2745, Rev. Codes, and deprives them of the protection of the provisions of the constitution and law; and that each of the respondents by reason of his actions and participation in the actual frauds, misconduct and neglect in the management of the bank and participation in the distribution of the $132,000 unlawful dividends, became and is personally liable for the amount due the appellant. (*Zang v. Wyant,* 25 Colo. 551, 56 Pac. 565, 71 Am. St. 145; 1 Cook on Corp., sec. 200; *Terry v. Tubman,* 92 U. S. 158, 23 L. ed. 539; *Hodges v. Silver Hill Min. Co.,* 9 Or. 200; *Moses v. Ocoll Bank,* 1 Lea (69 Tenn.), 398; *Stark v. Burke,* 9 La. Ann. 341; *Baines v. Babcock,* 95 Cal. 581, 27 Pac. 674, 30 Pac. 776, 29 Am. St. 158; *Williams v. Commercial Nat. Bank,* 49 Or. 492, 90 Pac. 1012, 91 Pac. 443, 11 L. R. A., N. S., 857; *Tate v. Bates,* 118 N. C. 287, 24 S. E. 482, 54 Am. St. 719; *Solomon v. Bates,* 118 N. C. 311, 24 S. E. 478, 54 Am. St. 725; *Thomas v. Taylor,* 224 U. S. 73, 32 Sup. Ct. 403, 56 L. ed. 673.)

C. W. Beale, John H. Wourms and James E. Babb, for Respondents E. R. Day and H. L. Day.

If any suit or action would be permitted against these respondents, it must be upon the part of the receiver. (*Bailey*

*v. Mosher,* 63 Fed. 488, 11 C. C. A. 304; *Terry v. Tubman,* 92 U. S. 158, 23 L. ed. 539; *Pollard v. Bailey,* 87 U. S. (20 Wall.) 520, 22 L. ed. 376; *Farmers' & Mechanics' Nat. Bank v. Dearing,* 91 U. S. 29, 23 L. ed. 196; *Wilson v. Book,* 13 Wash. 676, 43 Pac. 939.)

Appellant must show in his amended complaint what statutory provisions have been violated by the respondents, and that they knowingly violated them, since the rule of liability fixed or prescribed by these provisions of our banking laws is exclusive, and respondents cannot be held to any other test or rule of liability. (*Yates v. Jones Nat. Bank,* 206 U. S. 158, 27 Sup. Ct. 638, 51 L. ed. 1002.)

A creditor cannot maintain the action. (*Anderson v. Speers,* 21 Hun,. (N. Y.), 568; *National Bank v. Dillingham,* 147 N. Y. 603, 42 N. E. 338, 49 Am. St. 692; *American Grocery Co. v. Flint,* 5 App. Div. 263, 39 N. Y. Supp. 153; *Moulton v. Connell-Hall-McLester Co.,* 93 Tenn. 377, 27 S. W. 672; *Tradesman Pub. Co. v. Knoxville Car Wheel Co.,* 95 Tenn. 634, 32 S. W. 1097, 49 Am. St. 943, 31 L. R. A. 593; *Bauer v. Parker,* 82 App. Div. 289, 81 N. Y. Supp. 995.)

An action against directors should be in equity and not by a single creditor. (*Winchester v. Mabury,* 122 Cal. 522, 55 Pac. 393.)

Where corporation is insolvent, a single creditor cannot maintain action, but it must be brought by receiver in equity for all creditors. (*John A. Roebling's Sons Co. v. Mode,* 1 Penne. (Del.) 515, 43 Atl. 481; *Siegman v. Maloney,* 63 N. J. Eq. 422, 51 Atl. 1003; *Crandall v. Lincoln,* 52 Conn. 73, 52 Am. Rep. 560; *Dykeman v. Keeney,* 10 App. Div. 610, 42 N. Y. Supp. 488, 160 N. Y. 677, 54 N. E. 1090.)

As to all of the grounds of recovery alleged, it is an asset of the bank, and any action therefor should be brought by the receiver. *Hart v. Hanson,* 14 N. D. 570, 105 N. W. 942, 3 L. R. A., N. S., 438, where one of the grounds was deposits received during insolvency. (*Chester v. Hilliard,* 36 N. J. Eq. 613; *Zinn v. Mendel,* 9 W. Va. 580; *Emerson v. Gaither,* 103 Md. 564, 64 Atl. 26, 7 Ann. Cas. 1114, 8 L. R. A., N. S., 738; *Bosworth, Receiver, v. Allen,* 168 N. Y. 157, 61 N. E.

163, 85 Am. St. 667, 55 L. R. A. 751; *Fisher v. Parr,* 92 Md. 245, 48 Atl. 621; *Yates v. Jones Nat. Bank,* 74 Neb. 734, 105 N. W. 287; Tiffany on Banks and Banking, 304.).

J. E. Gyde, for Respondent S. A. Easton.

An action at law or in equity should be brought against the delinquent officer or stockholder by the receiver and not by a creditor. (5 Thomp. Corp., 2d ed., sec. 5171; *Hart v. Hanson,* 14 N. D. 570, 105 N. W. 942, 3 L. R. A., N. S., 438; *Killen v. Barnes,* 106 Wis. 546, 82 N. W. 536; *Utley v. Hill,* 155 Mo. 232, 55 S. W. 1091, 49 L. R. A. 323; *Wilson v. Book,* 13 Wash. 676, 43 Pac. 939; *Watterson v. Masterson,* 15 Wash. 511, 46 Pac. 1041; *McLaughlin v. O'Neil,* 7 Wyo. 187, 51 Pac. 243; *Gores v. Day,* 99 Wis. 276, 74 N. W. 787.)

James A. Wayne and John P. Gray, *Amici Curiae,* cite no authorities.

SULLIVAN, J.—This is an appeal from a judgment of dismissal, which was rendered upon the court's sustaining demurrers to the amended complaint, the plaintiff electing to stand upon his amended complaint. The action was brought against the directors of the State Bank of Commerce, located at Wallace, in Shoshone county, to recover an indebtedness due from said bank to the appellant, McTamany, in the sum of $1,605, upon a balance of account for money deposited in said bank.

It is alleged in the complaint that said bank suspended business and closed its doors on the 12th day of May, 1911; that the defendants were shareholders in said bank and the number of shares belonging to each is also alleged in the complaint; that the plaintiff commenced depositing money in said bank on January 24, 1910, and the last deposit was made on May 9, 1911; that at the time the appellant commenced to deposit, all of said defendants, except E. R. Day, were directors of said bank and continued as such until the failure of the bank; that on July 24, 1910, the defendant, E. R. Day, was elected a director and continued as such until the failure;

that on the 12th day of May, 1911, said bank closed its doors and suspended business, and on the 13th of May following, the State Bank Commissioner of Idaho made application to the proper court, in writing, charging said bank with insolvency and mismanagement, and prayed for a receiver, whereupon a receiver was appointed and entered upon the discharge of his duties as such; that thereafter said receiver was removed by the court and one Wilson was appointed in his stead and entered upon the discharge of his duties as such receiver; that said Bank of Commerce was at the time of the commencement of this action and at all times since January 24, 1910, has been insolvent, and that each of the defendants, as stockholders and directors of said bank, "knew or by the exercise of reasonable diligence and care, could have known, that the said State Bank of Commerce was insolvent during the whole of said period; that on May 13, 1911, the plaintiff commenced an action in the proper court against the State Bank of Commerce to recover judgment for said sum of $1,605, with interest and costs, and that such proceedings were thereafter had in said cause that the receiver of said bank was substituted as defendant in said cause, and thereafter on July 21, 1911, judgment was rendered in said cause in favor of the plaintiff and against the receiver for the sum of $1,608.90, and that no part of said judgment has been paid except the sum of $481.50, which sum was paid by the receiver of said bank, and it is alleged on information and belief that the directors of said Bank of Commerce, during the period from April 28, 1906, to and including July 24, 1910, did unlawfully declare and pay from the funds of said bank, dividends amounting to $132,000, and that said bank did not at the time of making and declaring said dividends, or any of them, have sufficient net profits or surplus to pay said dividends, or any of them, and that $100,000 of said dividends were paid from the capital stock and constituted the capital stock of said bank; that each of said defendants shared in the distribution of said dividends in proportion to the number of shares held by each, and that each of said defendants, by the exercise of reasonable dili-

gence could have known that said bank did not have net profits or surplus sufficient to pay such dividends, or any part thereof; that on July 24, 1910, the board of directors of said bank by resolution did declare and order paid a dividend of ten per cent upon the capital stock of said corporation, amounting to $10,000, and that said dividend was not paid from the surplus profits of said bank; that the defendants O'Neill, E. R. Day, Anderson, Wyman, Nordquist, and · Easton were present as directors and participated in the proceedings of said meeting, and did not cause their dissent from said proceedings to be entered on the minutes of the meeting of the board of directors. Then follows an allegation as to other dividends declared by the board of directors. It was also alleged that on April 27, 1910, said bank filed with the bank commissioner of the state of Idaho a false and fraudulent report of its resources and liabilities, and the complaint then proceeds to set forth wherein said report was false. It is also alleged that said bank, on November 2, 1910, made another false and fraudulent report in writing to the bank commissioner, and it is also alleged wherein that report was false and fraudulent; and that said bank caused an abstract of said false and fraudulent reports to be published in a newspaper in said county of Shoshone, and that each of the defendants had full notice and knowledge of the making, filing and publishing of said false and fraudulent reports, or that by the exercise of reasonable diligence they could have known that said reports were false and fraudulent; that the defendants during the period of their incumbency as such directors, did unlawfully permit, assent and consent to the loaning of money of said bank to the officers and directors thereof and to corporations owned and controlled by them, or some of them, in an excessive and dishonest manner and in a manner incurring great risk of loss to the bank and its creditors, which loans actually caused the insolvency of said bank, and then some of said excessive and dishonest loans are set forth; that there are not sufficient assets of said bank to pay the indebtedness and that said receiver has not commenced an action to hold the defendants for their statu-

tory liability to the receiver and creditors of the bank; that by reason of the alleged conduct of the defendants, they did not perform the duties as such directors, and did knowingly violate and permit to be violated provisions of the banking laws of the state, and thereby caused the plaintiff to deposit said money in said bank and to lose the same by reason thereof. Then follows a prayer for judgment.

Separate demurrers were filed by the defendants and were sustained, the main ground being that the plaintiff could not, as an individual, prosecute this action as a receiver for said bank had been appointed, and it was his duty to recover all such sums of money as are recoverable for the benefit of all of the depositors and creditors of the bank; that it was his duty to prosecute against the directors of said bank any cause of action that existed, for negligence or fraud or otherwise, and recover all of the money and assets of the bank for the benefit of the creditors and make proper distribution thereof among all of the creditors in accordance with the law. If that contention is correct, the action of the trial court in sustaining said demurrers must be affirmed.

It is contended, under the allegations of the complaint, that this is an action to recover damages because of the unlawful acts, fraud, misconduct and neglect of the directors to do their sworn duty to the state and the depositors in the bank; that it is in effect a common-law action to recover damages for deceit affecting the plaintiff only, and taking that as true, the plaintiff has a right to maintain this action under sec. 2745, Rev. Codes, which provides, among other things, that "Any creditor of a corporation may institute actions against any of the stockholders, jointly or severally," etc. The first part of that section, as amended by the Laws of 1909, p. 160, is as follows:

"Each stockholder of a corporation is individually and personally liable for its debts and liabilities to the full amount unpaid upon the par or face value of the stock or shares owned by him. Any creditor of the corporation may institute actions against any of its stockholders jointly or severally, and in such action the court must determine the amount unpaid

upon the stock held or owned by each defendant, and a several judgment must be entered against him for a sum not exceeding such amount. Nothing in this title must be construed to render any stockholder liable for debts or liabilities of the corporation, either at the suit of a creditor or for assessments or calls, to an amount exceeding the balance unpaid upon his stock or the difference between the amount that has been actually paid upon his stock and the par or face value thereof, except when so liable on the ground of fraud or misrepresentation, or concealment, or for neglect or misconduct as an officer, agent, stockholder or member of the corporation.''

That section of the statute was not intended to apply to a banking corporation, as the organization, internal management and right to do business of banking corporations are especially provided for in secs. 2968 et seq., Rev. Codes. Sec. 2979 applies to the liability of stockholders of every incorporated bank, and provides that they shall be liable to the creditors of the bank to the amount of their stock at the par value thereof in addition to the stock held by them, and further provides that ''Such liability may be enforced by an action at law or a suit in equity by any such bank in process of liquidation, or by any receiver or other person succeeding to the legal rights of such bank.''

The Wallace State Bank is in the hands of a receiver, and he is authorized to proceed and marshal and collect all of the assets of the bank and distribute them *pro rata* among the creditors or as the court may direct.

In *Crandall v. Lincoln*, 52 Conn. 73, 52 Am. Rep. 560, the court held the right of action was in the receiver, saying: ''To allow creditors to bring suits in such cases, unless possibly under peculiar circumstances, if practicable, would be highly inconvenient and contrary to the policy and spirit of the statute.''

It is stated in the recent work of Tiffany on Banks and Banking, pp. 304 et seq., as follows:

''The officers being liable to the corporation for losses caused by their fraud, gross negligence or wilful breach of

duty, this liability may be enforced by or for the benefit of the creditors when the corporation becomes insolvent. . . . . It follows that the remedy of the creditor is not by an action at law against the guilty officers. (Citing many authorities.) . . . . Of course, where the corporation is in the hands of a receiver or assignee, as the representative of all concerned, he is the proper party to maintain an action.''

However, there are some decisions holding to the contrary. (*Solomon v. Bates,* 118 N. C. 311, 24 S. E. 478, 54 Am. St. 725; *Tate v. Bates,* 118 N. C. 287. 24 S. E. 482, 54 Am St. 719; *Zang v. Wyant,* 25 Colo. 551, 56 Pac. 565, 71 Am. St. 145.)

Now, the grounds of recovery alleged in the complaint are (1) the illegal payment of dividends; (2) the making and publication of false reports; (3) the unlawful permitting of excessive loans; (4) that the plaintiff made deposits in the bank while it was insolvent under circumstances whereby the defendants could have known of the insolvency of the bank had they exercised proper diligence. In case of a recovery on all or either of said grounds, the amount recovered is an asset of the bank, and in this case any action brought to recover the same should be by the receiver.

If the bank has suffered loss on account of the directors having declared dividends contrary to the provisions of sec. 2981, Rev. Codes, or has suffered loss in consequence of the directors' fraud, gross negligence or wilful breach of duty, after such corporation is placed in the hands of a receiver, it is the duty of the receiver, as the representative of all concerned, to proceed and collect such illegal dividends and all other claims of such corporation due said bank by contract or caused by the fraud, gross negligence or wilful breach of duty of the officers thereof, so that whatever may be recovered may be properly distributed among all of the creditors of the bank as the law or court may direct. (See Tiffany on Banks and Banking, p. 304 et seq.) If the receiver fails or refuses to do his duty in this regard, that matter ought to be called to the attention of the court, and the court ought to compel him to do so or remove him. The trial court did

not err in sustaining said demurrers and entering judgment of dismissal.

The judgment is affirmed. Costs are awarded to the respondent.

Stewart, C. J., and Ailshie, J., concur.