In the Matter of the Arbitration between KNICKERBOCKER AGENCY, INC., et al., Respondents, and LEFFERT HOLZ, Superintendent of Insurance of the State of New York, as Liquidator of the Preferred Accident Insurance Company of New York, Appellant.

First Department, June 4, 1957.

*Irvin Waldman* of counsel (*Alfred C. Bennett,* attorney), for appellant.

*Maxwell H. Goldstein* of counsel (*Schaeffer, Goldstein & Esbitt,* attorneys), for respondents.

RABIN, J. Pursuant to article XVI of the Insurance Law and appropriate judicial order of the Supreme Court, New York County, the Superintendent of Insurance of the State of New York has been designated liquidator of a defunct insurance company, the Preferred Accident Insurance Company of New York. As liquidator, the superintendent commenced an action in the same court against Knickerbocker Agency, Inc., the general agent of Preferred Accident, to recover commissions withheld by Knickerbocker on policies cancelled pro rata. The action was based upon Knickerbocker's contract with Preferred Accident containing the alleged obligation of Knickerbocker so to make refund. That same contract provided for arbitration of " All controversies and disputes arising out of or relating to " the agreement.

Knickerbocker, contending that custom, usage, parol and other extrinsic evidence require denial of recovery, demanded arbitration of the controversy thus posed. The superintendent refused to arbitrate, referring to the order of liquidation which enjoins the prosecution of any action, suit, " special or other proceeding " against Preferred Accident, its estate, or the superintendent. Knickerbocker thereupon petitioned for arbitration and to stay the action brought by the superintendent. This appeal is from the order granting Knickerbocker the relief requested.

We are not referred to any case in this State dealing with the precise issue here raised. (Cf. *Matter of Patterson-MacDonald Shipbuilding Co.*, 284 Fed. 277, affd. 292 Fed. 700, cert. dismissed *sub nom. Commonwealth of Australia* v. *McLean*, 266 U. S. 638; see, also, *Matter of Wisconsin Cent. Ry. Co.*, 74 F. Supp. 85.) It is clear enough that, in order to assure orderly liquidation and a co-ordinated balancing of competing claims to a depleted fund, the Legislature could and did vest exclusive jurisdiction over all claims against an insolvent insurer in one body. (Insurance Law, §§ 514, 526–528, 536–545; *Pink* v. *Title Guar. & Trust Co.*, 274 N. Y. 167; *Matter of People [International Workers Order]*, 305 N. Y. 258, cert. denied 346 U. S. 857; *Bohlinger* v. *Zanger*, 306 N. Y. 228; *Clark* v. *Williard*, 292 U. S. 112; *Motlow* v. *Southern Holding & Security Corp.*, 95 F. 2d 721, cert. denied 305 U. S. 609.) Such exclusivity of jurisdiction would prevail over any contractual right on the part of a claimant to arbitration. (*Matter of Kingswood Management Corp. [Salzman]*, 272 App. Div. 328.) Knickerbocker argues, however, that the line of settled authority is inapplicable here where arbitration is demanded by way of defense and not to

establish a claim. We find the novel distinction proposed by Knickerbocker not persuasive.

A pre-eminent purpose of article XVI of the Insurance Law is to " insure equitable treatment for its creditors and to avoid preferences " (cf. *Pink* v. *Title Guar. & Trust Co., supra,* p. 171) upon the liquidation of an insurer by providing that any matter affecting the assets available for distribution be the subject of a single, integrated administration. The amount to be paid to any of the creditors and claimants of an insolvent insurance company is determined by the total fund available therefor and their rights *inter sese.* Any diminution of the estate or any inequality in the treatment of like parties affects every creditor and claimant. For this reason section 528 of the Insurance Law authorizes the enjoining of actions or proceedings collateral to the liquidation proceeding, while sections 543 and 544 provide for the filing, proof and allowance of claims in the liquidation proceeding. In this fashion individual claims affecting the fund and, therefore, every creditor and claimant, are considered in the context of a proceeding undertaking to balance the respective rights and equities of all interested parties.

" Experience has demonstrated that, in order to secure an economical, efficient, and orderly liquidation and distribution of the assets of an insolvent corporation for the benefit of all creditors and stockholders, it is essential that the title, custody, and control of the assets be intrusted to a single management under the supervision of one court. Hence other courts, except when called upon by the court of primary jurisdiction for assistance, are excluded from participation. This should be particularly true as to proceedings for the liquidation of insolvent insurance companies, for the reasons adverted to by Mr. Justice CARDOZO in Clark v. Williard, 292 U. S. 112, 123, 54 S. Ct. 615, 620, 78 L. E. 1160. See, also, Glenn on Liquidation, pages 409, 410, §§ 278, 279, 280." (*Motlow* v. *Southern Holding & Security Corp., supra,* pp. 725–726.)

In our view of the purposes of article XVI, it would be immaterial whether Knickerbocker's position is asserted as a claim or a defense. It is sufficient that, if correct, Knickerbocker would reduce the size of the fund and might jeopardize the parity of participation in the fund (see *Bohlinger* v. *Zanger,* 306 N. Y. 228, 241–242, *supra*) by means of a proceeding between the superintendent and Knickerbocker collateral to that proceeding which is engaged in adjusting and accommodating the rights of those same claimants and creditors prejudiced by such reduction. The estate is in *custodia legis* (*Tolfree* v. *New*

*York Tit. & Mtge. Co.*, 72 F. 2d 702, cert. denied 293 U. S. 619; *Matter of New York Tit. & Mtge. Co.*, 9 F. Supp. 319) to be administered in the liquidation proceeding and may no more be subjected to the outcome of an arbitration proceeding than in the case of a ward in *custodia legis* (*Matter of Hill* [*Hill*], 199 Misc. 1035; *Matter of Michelman* [*Michelman*], 5 Misc 2d 570). In another instance where arbitration was sought as to matters which were the statutory subject of exclusive jurisdiction and which necessarily affected parties not privy to the arbitration agreement or proceeding, this court held: " It was not intended without express statutory authorization that arbitrators, who are private individuals, who are subject to selection by the parties themselves (Civ. Prac. Act, § 1452) and who are charged with the execution of no public trust, should determine these matters." (*Matter of Kingswood Management Corp.* [*Salzman*], 272 App. Div. 328, 331, *supra*.)

The circumstance that Knickerbocker instituted arbitration proceedings after the superintendent commenced an action against Knickerbocker separate from the liquidation proceeding does not alter our conclusion. In *Pink* v. *Title Guar. & Trust Co.* (274 N. Y. 167, *supra*) it was determined that a claim which could not be directly asserted outside the proceedings for the rehabilitation of an insolvent insurance company was likewise barred where asserted as a counterclaim. Whatever questions might be provoked if the superintendent had instituted the action elsewhere, the action was in fact brought in the same court already possessed of cognizance over the liquidation proceedings.

The order should be reversed, with $20 costs and disbursements, and motion denied.

BREITEL, J. P., BOTEIN and BERGAN, JJ., concur.

Order unanimously reversed, with $20 costs and disbursements to the appellant, and the motion denied.