VEDDER VAN DYCK, as Receiver, etc., Respondent, *v.* THOMAS
P. McQUADE, Appellant.

A receiver of an insolvent bank has no power to allow a set off against a
debt owing to the bank, where the demand sought to be set off was as-
signed to the debtor for that purpose after his appointment; and what
the receiver cannot thus do directly, cannot be done by way of ratifica-
tion or waiver.

Where, therefore, in an action by a receiver, upon a demand due the bank,
the defendant sought to set off certain checks drawn in his favor by de-
positors,. which the referee found were not delivered to the bank and
credited to defendant's account, until after the service of an injunction
order issued in the proceedings for the appointment of the receiver re-
straining the officers of the bank from further action or interference with
its assets. *Held,* that the retention of the checks by the receiver was not
a ratification of the act of the bank officer in receiving them, and that
the set-off was properly disallowed.

(Argued March 24, 1881 ; decided April 26, 1881.)

THIS action was brought by plaintiff, as receiver of the York-
ville Savings Bank, to recover the amount of alleged over-
drafts.  (Mem. of decision below, 20 Hun, 262.)

Defendant alleged that his account was balanced by the
credit of certain checks drawn in his favor by other depositors
having credit balances.

The bank failed and proceedings were instituted for the ap-
pointment of a receiver, in which an injunction order was is-
sued and served, restraining the officers of the bank from
further action as such, and from interference with its assets.
It was found by the referee, upon evidence which the court
deemed sufficient, that the checks were not delivered to the
bank and credited to defendant's account, until after the serv-
ice of said order.  It was insisted that the receiver could not
maintain this action without returning or offering to return
the checks, and that his retention of them amounts to a ratifi-
cation of the act of the secretary in receiving them.  The

court say : "We think that the act of the receiver cannot be so construed. He was the mere officer of the court, and powerless to do any thing except as provided by law or directed by the court. The receiver is described as an officer of the court, a trustee for the creditor, and a representative of the corporation. (*Devendorf* v. *Beardsley*, 23 Barb. 659.) It has been held that he cannot waive a technical defense (*McEvers* v. *Lawrence*, Hoff. Ch. 175), or the rights of the creditors for whose protection he was appointed. (*Keiley* v. *Dusenbury*, 10 J. & S. 238.) He is subject to the direction and orders of the court. (High on Receivers, § 188.) If, under the authority derived from the statute, the receiver in this case had the power to allow a set-off (2 R. S. 469, §§ 68, 74 ; Laws of 1849, chap. 226, § 11), that power did not extend to a case where no mutual debts subsisted at the date of the appointment of the receiver, and a demand had been afterward assigned to effect such purpose. (*In re Van Allen*, 37 Barb. 231.) It would be inconsistent with the character of the receiver as trustee, and the control of the court over its officer, to hold that he could do indirectly, by the mere act of not returning the checks, what he had no power to do directly. If, by way of ratification or waiver, the receiver could effectually bind the fund, the control of the court could always be evaded. The parties to these checks never demanded them of the receiver. They could, at least, have obtained them by an application to the court, and may do so yet. We do not think their retention by the receiver changes the situation, or that he had the power thus to give one creditor of the bank a preference over others."

Various other questions were presented, which were disposed of on the facts.

*Alexander Thain* for appellant.

*Freling H. Smith* for respondent.

Folger, Ch. J., reads for affirmance.
All concur.
Judgment affirmed.