(12 Misc. Rep. 55.)

### HALL v. HOLLAND HOUSE CO.

(Common Pleas of New York City and County, General Term. April 1, 1895.)

COUNTERCLAIM—AFFIRMANCE AGAINST RECEIVER.

In an action by a receiver of a foreign corporation to recover a debt due it, a note made by the corporation is not a claim "against plaintiff or the person whom he represents," so as to be available as a set-off, under Code Civ. Proc. §§ 501, 502. 30 N. Y. Supp. 263, 1132, affirmed.

Appeal from city court, general term.

Action by James T. Hall, as receiver of the James T. Hall Company, against the Holland House Company, for work, labor, and services rendered and materials furnished by said corporation at the instance and request of defendant. Defendant sought to recover, by way of counterclaim or set-off, a demand made to it. From a judgment of the city court (30 N. Y. Supp. 263, 1132) affirming a judgment in favor of plaintiff, defendant appeals. Affirmed.

Argued before BOOKSTAVER, BISCHOFF, and GIEGERICH, JJ.

Joseph Kling, for appellant.
Lachman & Baumeister, for respondent.

BISCHOFF, J. Upon the trial it was admitted that on September 27, 1893, there was due and owing from the defendant to the James T. Hall Company, a corporation created by the laws of New Jersey, $589.85, with interest, for work, labor, and services rendered, and materials furnished, at the defendant's instance and request. It was further admitted that in an action determined by this court, wherein Edward K. Milligan and James T. Hall were plaintiffs and the James T. Hall Company was defendant, the plaintiff herein, on October 11, 1893, by an order of that date, was appointed temporary receiver, and, by judgment recov-

ered November 1, 1893, permanent receiver, of all the assets of said corporation which were within this state, and that the plaintiff, in each instance, had duly qualified as such receiver. The contention thereafter was with reference exclusively to the defendant's counterclaim, and claim of set-off, of an admitted debt of the James T. Hall Company to one Mary J. Van Doran, which arose upon a promissory note, and was acquired by the defendant before the commencement of this action, but subsequent to October 11, 1893, and which did not mature until October 16, 1893. The learned trial justice ruled against the allowance of the counterclaim and set-off, and directed judgment for the plaintiff in the amount conceded to be due and owing from the defendant.

The validity of the plaintiff's appointment as receiver is attacked upon this appeal. From the judgment roll of this court, however, which, though it was not in evidence upon the trial, we are permitted to consider in support of the judgment appealed from (12 Am. & Eng. Enc. Law, p. 183; Dunham v. Townshend, 118 N. Y. 286, 23 N. E. 367; Baylies, New Trials, p. 161, and cases there collated), it conclusively appears that the action was prosecuted by certain stockholders of the James T. Hall Company, an insolvent foreign corporation doing business and having assets within this state, but no officers empowered to hold such assets. Abundant authority appears for the intervention of the courts of this state, in such cases, to preserve the assets within their jurisdiction for the protection of domestic creditors, by means of the appointment of a receiver. Code Civ. Proc. § 1810, subd. 3; Id. § 1812; 8 Am. & Eng. Enc. Law, p. 408; 20 Am. & Eng. Enc. Law, p. 275; High, Rec. § 305, etc.; Redmond v. Hoge, 3 Hun, 171.

No error is to be predicated of the refusal of the learned trial justice to allow the debt of the James T. Hall Company, assigned to the defendant, as a counterclaim in this action. The Code of Civil Procedure (sections 501, 502) enables a defendant sued in an action on contract to avail himself of any other cause of action also arising on contract, and existing at the time of the commencement of the action, as a counterclaim; but the defendant's cause of action must be one against the plaintiff, or the person whom he represents or for whose benefit the action is brought. Obviously, the cause of action here urged as a counterclaim was not one against the plaintiff, and since the plaintiff, as receiver, represents only the domestic creditors of the James T. Hall Company, it was not one against the person or persons whom the plaintiff represented, or for whose benefit the action was brought. Osgood v. Ogden, *43 N. Y. 70, 83; Decker v. Gardner, 124 N. Y. 334, 26 N. E. 814. "Equality in the payment of debts by a receiver is the rule of law, unless, by diligence, or for some special reason, a preference is declared by one creditor, or of one class, over creditors generally." Clark v. Brockway, *42 N. Y. 13, 14, 1 Abb. Dec. 351. And the appointment of the receiver relates back to the time of the commencement of

the action brought to that end. Id.; 22 Am. & Eng. Enc. Law, p. 310, and cases collated in note 1. In the case at bar the defendant's demand was not acquired by it, and did not mature until after the plaintiff's appointment as receiver, on October 11, 1893, both events being after the maturity of the James T. Hall Company's demand against the defendant. As an equitable set-off, therefore, the defendant's demand was not available, because its allowance as such would operate to prefer the defendant, as well as its assignor, over the creditors of the James T. Hall Company. Clark v. Brockway, supra; Van Dyck v. McQuade, 85 N. Y. 616; Fera v. Wickham, 135 N. Y. 223, 31 N. E. 1028; High, Rec. § 249. Judgment appealed from should be affirmed, with costs. All concur.