SCHLESINGER v. GOLDBERG et al.

(Supreme Court, Appellate Term.   April 24, 1905.)

BANKS—INSOLVENCY—ACTION AGAINST DEBTOR—SET-OFF—CLAIM ACQUIRED AFTER INSOLVENCY.

In a suit by the receiver of an insolvent bank against a debtor of the bank, defendant cannot set off a claim against the bank acquired after the bank became insolvent.

Appeal from Municipal Court, Borough of Manhattan, Seventh District.

Action by Leo Schlesinger, as receiver of the Federal Bank of New York, against Jeannette Goldberg and others.   From a judgment for plaintiff, defendants appeal.   Affirmed.

Argued before SCOTT, P. J., and LEVENTRITT and GREENBAUM, JJ.

Louis B. Brodsky, for appellants.

Kneeland, La Fetra & Glaze, for respondent.

LEVENTRITT, J.  This appeal presents simply the familiar question whether a debtor of an insolvent bank can offset a claim acquired by assignment after the suspension of the bank.   The action was brought by the receiver of the Federal Bank on a discounted note in the sum of $400 made by certain of the defendants and indorsed by the others.   The note matured after the appointment of the receiver.   The sum of $29.38 had been paid on the note, and the plaintiff conceded a further credit of $116.81; being the amount on deposit with the bank by the makers at the time of the suspension.  Suit was therefore brought for the sum of $253.81. The answer of the indorsers claims an offset in the sum of $328.80, arising by assignment to them prior to the commencement of the action, but after the suspension of the bank, of the balances to the credit of two of its depositors.   The offset was disallowed, and judgment given in favor of the plaintiff for the amount claimed.

The judgment was right.   A contrary conclusion would have resulted in an unlawful preference.   The right to a set-off must exist at the time of the suspension or insolvency.   The cases are clear on this point.   Van Dyck v. McQuade, 85 N. Y. 616; Fera v. Wickham, 135 N. Y. 223, 31 N. E. 1028, 17 L. R. A. 456.   While the receiver, therefore, properly allowed the deposit to the credit of the makers of the note as a cross-demand existing at the time of the insolvency, the subsequent assignment of the other balances was futile as against the equities that had attached in favor of the general creditors of the bank.

The judgment should be affirmed, with costs.   All concur.