(85 Misc. Rep. 172)

## VAN TUYL v. SCHWAB et al.

(Supreme Court, Special Term, New York County. April, 1914.)

BANKS AND BANKING (§ 49*)—ACTION TO ENFORCE STOCKHOLDER'S STATUTORY LIABILITIES—COUNTERCLAIM FOR SERVICES.

Since the state superintendent of banks represents the creditors in an action against stockholders of a trust company which he is liquidating, to enforce their statutory liability under Banking Law (Laws 1892, c. 689) § 18, as amended by Laws 1908, c. 143 (now Consol. Laws, c. 2, § 19), a claim of a defendant based on services rendered by him to the corpora-

tion before the plaintiff took possession cannot be asserted as a counterclaim under Code Civ. Proc. § 501.

[Ed. Note.—For other cases, see Banks and Banking, Cent. Dig. §§ 71–81½, 513, 534, 535; Dec. Dig. § 49.*]

Action by George C. Van Tuyl, Jr., as Superintendent of Banks, against Charles M. Schwab and others. Demurrer to counterclaim sustained.

See, also, 160 App. Div. 890, 145 N. Y. Supp. 1149.

Frank M. Patterson, of New York City, for plaintiff.
R. D. Ireland, of New York City, for Joseph G. Robin.

GREENBAUM, J. The plaintiff, as superintendent of banks, brings this action against all the stockholders of the Carnegie Trust Company and seeks a judgment—

"directing and decreeing that any remaining unconverted assets of said Carnegie Trust Company may be sold and disposed of as provided by law, and that an accounting be had of all outstanding and existing assets and liabilities of said corporation; and that the amount of deficiency necessary to pay in full said company's debts and liabilities as judicially ascertained by the court be apportioned among the stockholders defendants herein ratably according to the number of shares of the capital stock of said company held by them respectively; that each defendant pay the portion thereof adjudged to be paid by him. * * * "

The defendant Joseph G. Robin sets up a counterclaim in the sum of $10,000, based upon certain services alleged to have been rendered by him to said trust company before the plaintiff took possession thereof. The plaintiff demurs to the counterclaim upon the grounds that it is insufficient in law on the face thereof, that it does not state facts sufficient to constitute a cause of action, and that it is not of the character specified in section 501 of the Code of Civil Procedure. There are several reasons why the demurrer must be sustained:

First. It seems to be well settled in this state that an action cannot be maintained against the superintendent of banks upon a demand existing against a bank which he is liquidating. The superintendent of banks is merely a custodian, liquidator, and conservator of the bank and, for the purposes of an action against the bank, the latter is the real party in interest. Lafayette Trust Co. v. Higginbotham, 136 App. Div. 747, 121 N. Y. Supp. 489; Richardson v. Cheney, 146 App. Div. 686, 131 N. Y. Supp. 594, affirmed 208 N. Y. 541, 101 N. E. 1119; Decker v. Gardner, 124 N. Y. 334, 26 N. E. 814, 11 L. R. A. 480.

Second. The corporation, whose affairs the plaintiff is administering by virtue of the statute, could not maintain an action to enforce the statutory liabilities of stockholders. Prior to the amendment of 1908 (Laws 1908, c. 143, § 3) to present section 19 of the Banking Law, this right existed only in favor of creditors. Farnsworth v. Wood, 91 N. Y. 308; Hirshfeld v. Fitzgerald, 157 N. Y. 166, 51 N. E. 997, 46 L. R. A. 839. Section 19 of the Banking Law provides that the superintendent of banks "may, if necessary to pay the debts of such corporation, enforce the individual liability of the stockholders."

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Under what circumstances he may act in this behalf is discussed in Cheney v. Scharmann, 145 App. Div. 456, 129 N. Y. Supp. 993. It follows therefore that the superintendent of banks in this action represents the creditors of the corporation, and hence no claim against the corporation may be asserted as a counterclaim against the plaintiff in this action. Hall v. Holland House Co., 12 Misc. Rep. 55, 33 N. Y. Supp. 50.

Third. To permit a counterclaim by way of offset to be asserted by the defendant would result in preferring him over general creditors of the corporation. Section 196 of the Banking Law provides with respect to trust companies as follows:

"If default shall be made in the payment of any debt or liability contracted by any such corporation, the stockholders thereof shall be individually responsible, equally and ratably, for the then existing debts of the corporation, but no stockholder shall be liable for the debts of the corporation to an amount exceeding the par value of the respective shares of stock by him held in such corporation at the time of such default."

The liability of stockholders of a banking corporation is different from that of stockholders of other corporations, as, for example, of a manufacturing corporation. Here the stockholders are "equally and ratably" responsible for the debts of the corporation, and the theory of the complaint indicates that it is equitable in its nature and requires an accounting in order to determine to what extent the stockholders will be obliged to contribute ratably to make up the deficiency required to pay the company's debts. The creditors constitute one class and the stockholders another. If a given person is both a stockholder and a creditor, he must first pay his pro rata share collectible from him by plaintiff as stockholder and upon allowance of his claim against the corporation he is entitled as creditor to receive his pro rata share in the moneys applicable to the payments of the debts of the company. To adopt any other rule would be to prefer a stockholder creditor over other creditors. The law does not permit such a preference. Matter of Empire City Bank, 18 N. Y. 199; Barnes v. Arnold, 45 App. Div. 314, 61 N. Y. Supp. 85, affirmed 169 N. Y. 611, 62 N. E. 1093; Wingate v. Orchard, 75 Fed. 241, 21 C. C. A. 315; Lantry v. Wallace, 97 Fed. 865, 38 C. C. A. 510, affirmed 182 U. S. 536, 21 Sup. Ct. 878, 45 L. Ed. 1218.

The case of Mosler Safe Co. v. Guardian Trust Co., 153 App. Div. 117, 123, 124, 138 N. Y. Supp. 298, affirmed 208 N. Y. 524, 101 N. E. 786, is not in conflict with the rule just discussed. That was a case of a creditor against the stockholders of a safe deposit company, organized under the Banking Law, section 303 whereof made the stockholders of every such corporation "jointly and severally liable for all debts," etc. The questions there involved have no relation to the situation here presented. Moreover Matter of Empire City Bank, supra, and Barnes v. Arnold, supra, are particularly referred to in Appellate Division in the Mosler Case, and recognized as controlling authorities. It follows that the demurrer to the counterclaim of the defendant Robin must be sustained.

Demurrer sustained.