MULHOLLAND v. REID et al. (T. T. REID CONST. CO., Intervener).
(No. 6680.)

(Supreme Court, Appellate Division, First Department. December 31, 1914.)

Argued before INGRAHAM, P. J., and McLAUGHLIN, SCOTT, DOWLING, and HOTCHKISS, JJ.

---

VAN TUYL, Superintendent of Banks, v. LEWIS et al. (No. 6543.)

(Supreme Court, Appellate Division, First Department. December 31, 1914.)

1. BANKS AND BANKING (§ 317*)—STOCKHOLDER'S LIABILITY—SET-OFF AND COUNTERCLAIM.

Under Banking Law (Consol. Laws, c. 2) § 196, providing relative to trust companies that if default shall be made in the payment of any debt or liability the stockholders shall be individually responsible equally and ratably for the existing debts of the corporation, in an action by the superintendent of banks to enforce the liability of the stockholders of an insolvent trust company, a debt due a stockholder from the corporation for legal services was not available as a defense or counterclaim, as the superintendent was merely a custodian and liquidator, and the right to enforce such liability was given to him and exercised by him on behalf of creditors, and not on behalf of the corporation.

[Ed. Note.—For other cases, see Banks and Banking, Cent. Dig. § 1222; Dec. Dig. § 317.*]

2. BANKS AND BANKING (§ 317*)—STOCKHOLDER'S LIABILITY—SET-OFF AND COUNTERCLAIM.

In a suit by the superintendent of banks to enforce the liability of stockholders of an insolvent trust company under Banking Law, § 196, a stockholder, who was also a creditor of the company, was not entitled to offset the pro rata amount that would eventually be paid to him as a creditor, as this would destroy the whole scheme contemplated by the statute for the enforcement of the liability of stockholders and the distribution of the amount realized from time to time among those entitled thereto, and the statute does not contemplate a determination of matters of this character, dependent upon the number of claims established, the value of the assets realized, and the expenses of the liquidation, in an action to enforce the stockholders' liability.

[Ed. Note.—For other cases, see Banks and Banking, Cent. Dig. § 1222; Dec. Dig. § 317.*]

Appeal from Special Term, New York County.
Action by George C. Van Tuyl, Jr., as Superintendent of Banks of the state of New York, against Liston L. Lewis and others. From

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

an order overruling a demurrer to a defense and counterclaim in the answer of the defendant named, plaintiff appeals. Reversed, and demurrer sustained.

Argued before CLARKE, McLAUGHLIN, LAUGHLIN, SCOTT, and DOWLING, JJ.

Joseph A. Kellogg, of Glens Falls, for appellant.

Frederick T. Kelsey, of New York City, for respondent.

McLAUGHLIN, J. The plaintiff, as superintendent of banks of the state of New York, brought this action, pursuant to section 19 of the Banking Law, against all of the stockholders of the Carnegie Trust Company to enforce their individual liability under section 196 of the same law. The respondent was the owner of 347 shares, par value $34,700, of the capital stock of the insolvent trust company. In his answer he pleaded as a "defense and counterclaim" the indebtedness of the trust company to him in the sum of $35,593.24 for legal services rendered to it by a firm of which he was a member; its claim for that amount having been assigned to him. He demanded judgment that the complaint be dismissed, and that he recover the full amount of his counterclaim. The plaintiff demurred to the defense and counterclaim on the grounds (a) that it was insufficient in law upon the face thereof; (b) that it was not of the character specified in section 501 of the Code of Civil Procedure; and (c) that it did not state facts sufficient to constitute a cause of action. The demurrer was overruled, and it is from that order that this appeal is taken.

[1] It is to be noted that the alleged claim of the defendant against the trust company is not pleaded as an equitable set-off. No liability is admitted, and the prayer for judgment is that the complaint be dismissed, and a recovery had for the full amount claimed. It is good neither as a defense nor counterclaim. If the defendant has a cause of action, it is against the trust company, and not the plaintiff. He is merely a custodian and liquidator of the trust company, and an action cannot be maintained against him upon a claim existing against the trust company which he is liquidating. Lafayette Trust Co. v. Higginbotham, 136 App. Div. 747, 121 N. Y. Supp. 489; Richardson v. Cheney, 146 App. Div. 686, 131 N. Y. Supp. 594, affirmed Richardson v. Van Tuyl, 208 N. Y. 541, 101 N. E. 1119.

Nor could the trust company enforce the individual liability of its stockholders. The right to enforce such liability is given by section 19 of the Banking Law to the superintendent of banks, and is exercised by him, not on behalf of the bank, but on behalf of its creditors. Hirshfeld v. Fitzgerald, 157 N. Y. 166, 51 N. E. 997, 46 L. R. A. 839; Farnsworth v. Wood, 91 N. Y. 308; Van Tuyl v. Scharmann, 208 N. Y. 53, 101 N. E. 779. In Lantry v. Wallace, 97 Fed. 865, 38 C. C. A. 510, affirmed 182 U. S. 536, 21 Sup. Ct. 878, 45 L. Ed. 1218, it was held that a demand against an insolvent bank could not be interposed as a counterclaim in a suit where the receiver sued merely as the representative of creditors for the enforcement of a stock liability, which was created by the statute solely for their benefit.

[2] The learned judge at Special Term seems to have regarded the

facts pleaded as an equitable set-off, and, treating it as such, was of the opinion that it did state a cause of action for that purpose, since the defendant should be allowed to offset the pro rata amount of the fund that would eventually be paid to him as a creditor. Assuming that the defense and counterclaim can be so treated, I do not think, upon the facts stated, they constitute any defense to the action. When stockholders are, by statute, made "equally and ratably" responsible for the debts of a corporation, as they are under section 196 of the Banking Law, those stockholders who are also creditors cannot set off, against their liability as stockholders, claims which they have against the corporation. Matter of Empire City Bank, 18 N. Y. 199; Barnes v. Arnold, 45 App. Div. 314, 61 N. Y. Supp. 85, affirmed 169 N. Y. 611, 62 N. E. 1093; Cook on Corporations, § 225; Taylor on Corporations, § 732. To permit them to do so would be to destroy the whole scheme contemplated by the statute investing the superintendent of banks with the power of enforcing the liability of stockholders and distributing, from time to time, among those entitled thereto, the amount realized. The assets are to be marshaled, the debts ascertained, and a pro rata division made among the creditors. The amount thus divided is to be paid from time to time as the court may direct.

I do not see how it would be possible in this action, except as the end of the litigation, to determine just what amount, if any, would ultimately be paid to the plaintiff, assuming that he established his claim. The amount to be paid must, of course, depend upon the number of claims established, the value of the assets realized, and the expenses of the liquidation. This can only be determined when the affairs of the trust company have been wound up and a final distribution ready to be made. The statute does not, I think, contemplate that in an action to enforce a stockholder's liability these facts should be determined.

Nor do I think the case of Mosler Safe Co. v. Guardian Trust Co., 208 N. Y. 524, 101 N. E. 786, holds to the contrary. There an action was brought to enforce the liability of a stockholder which arose under section 303 of the Banking Law, which is quite different from the one here under consideration.

For these reasons, I think the order overruling the demurrer should be reversed, with $10 costs and disbursements, and the demurrer sustained, with $10 costs, with leave to the defendant to serve an amended answer, on payment of such costs. All concur.