LOUISE M. DORLAND, Plaintiff, *v.* FIDELITY DEVELOPMENT COMPANY et al., Defendants.

(Supreme Court, New York Special Term, July, 1918.)

Judgments — what designed as substitute for — rules — banks.
Pleading — allegations of complaint — demurrer — banks.

The rule that before a creditor may avail himself of rights of his debt against third persons he must obtain a judgment against the debtor does not apply where it is impracticable to obtain such a judgment.

Under the Banking Law the allowance of claims against a bank under the control of the superintendent of banks for the purpose of liquidation is designed as a substitute for judgments, and any one having a claim against such a bank is in the position of a judgment creditor, though the status of the bank is not that of a simple judgment debtor.

A complaint of a creditor of such a bank, in an action seeking to enforce on his own behalf and other creditors who may join with him a mortgage lien alleged to exist in favor of the bank, and to set aside various conveyances and mortgages on other property of the mortgagor as in fraud of creditors, which alleges the taking over of the bank by the superintendent of banks, that plaintiff's claim was presented to and allowed by said superintendent and that he, though requested by plaintiff to take action to enforce the rights of the bank in the premises, has refused so to do, is demurrable on the ground that it does not state a cause of action, it appearing that plaintiff has not capacity to sue; the proper course for him to pursue is to apply to the court for an order directing the superintendent of banks to institute the action.

7

Demurrer to complaint.

Robert D. Ireland, for plaintiff.

Sullivan & Cromwell, for defendants Assets Realization Company and John J. Tierney.

Emery H. Sykes, for Morris Park Estates and trustee in liquidation of Fidelity Development Company, defendants.

Gifford, Hobbs & Beard, for defendants Columbia-Knickerbocker Trust Company, James M. Gifford, Peter B. Bradley, Robert S. Bradley and Frederick W. White.

Murray, Prentice & Howland, for defendant New York Trust Company.

Hotchkiss, J.   The material questions raised by the demurrer will sufficiently appear from a brief statement of the pleadings.  The plaintiff, as creditor of the Washington Savings Bank, seeks to enforce, for the benefit of himself and other creditors who may join with him, a mortgage lien alleged to exist in favor of the bank against the Fidelity Development Company and its transferees, and to set aside various conveyances and mortgages of other property of the Fidelity Company as in fraud of creditors.  The complaint alleges the taking over of the bank by the superintendent of banks for the purpose of liquidation, pursuant to the provisions of the Banking Law; that plaintiff's claim was presented to and allowed by the superintendent, and that the superintendent, although requested by plaintiff to take action to enforce the rights of the bank in the premises, has refused so to do.  Demurrers are interposed by several defendants

on the ground (1) that the complaint does not state a cause of action, since it appears that plaintiff has not capacity to sue, and (2) that causes of action are improperly joined. Ordinarily a creditor must secure a judgment against his debtor before he may avail himself of rights of the debtor against third persons. *Prentiss* v. *Bowden,* 145 N. Y. 342, 345. But the rule does not apply where it is impracticable to secure judgment. *Skilton* v. *Codington,* 185 N. Y. 80, 87. Under the Banking Law the allowance of claims by the superintendent is designed as a substitute for judgments. The plaintiff should therefore be regarded as in the position of a judgment creditor. The status of the bank, however, is not that of a simple judgment debtor. It is under the control of the superintendent of banks by statutory authority for the purpose of liquidation. The rights of the bank are now in the superintendent. He may sue, defend, sell or compound bad or doubtful debts and compromise claims under the supervision of the Supreme Court. Banking Law, §§ 69, 71. The statute rests on public policy, and its manifest purpose, as in the case of insolvency and bankruptcy acts, is to safeguard the assets of the insolvent concern for the benefit of creditors and others in interest, and to prevent the injustice and the burden of litigation that would inevitably attend a scramble for the assets under the ordinary process of law. The present case is therefore readily distinguishable from the usual judgment creditor's action and from stockholders' suits in the right of the corporation where the directors improperly refuse to act. It may also be observed that it is readily distinguishable from actions by creditors to enforce the statutory liability of stockholders. Such actions are based on a direct liability of stockholders, as *quasi* sureties, to creditors. See *Mosler Safe Co.* v. *Guardian Trust Co.,*

208 N. Y. 524; *Van Tuyl* v. *Schwab,* 165 App. Div. 412; 85 Misc. Rep. 172. Plaintiff contends that while the right may rest primarily in the superintendent the plaintiff cannot now be barred from proceeding independently, since he has requested the superintendent to institute action and the superintendent has refused. Various considerations lead to a contrary conclusion. The statute permits the superintendent to compromise claims under supervision of the court. Manifestly it would seriously interfere with the superintendent's power in that regard if any creditor who thinks a compromise would be ill-advised may, upon the refusal of the superintendent to sue, step in and commence an action in behalf of himself and others similarly situated. It is no answer to say that the superintendent may interpose his objections in the present suit. It would be improper to compel the superintendent to elect in this action whether he shall sue upon, compromise or abandon the claim, and to compel other creditors to intervene herein in order to protect their interests in the matter. Furthermore, the superintendent would be powerless to determine the distributive shares of those interested and wind up the affairs of the bank while suits such as the present were pending. The statute was manifestly designed to place the exclusive control of the affairs of the bank in the hands of the superintendent, subject only to the supervision of the court. To allow the present action would, in my opinion, clearly violate the spirit and intent of the statute. The position of the superintendent is closely analogous to that of an assignee in bankruptcy, and the principles there applied and the reasoning of such cases as *Glenny* v. *Langdon,* 98 U. S. 20, are equally applicable to this case. The proper course for the plaintiff to pursue is to apply to the court to direct the superintendent to institute action. The second

ground of demurrer need not be considered. Demurrer sustained and judgment directed for defendants, with costs.

Demurrer sustained, with costs.