GEORGE I. SKINNER, as Superintendent of Banks of the State of New York, Respondent, *v.* CHARLES M. SCHWAB and Others, Defendants, Impleaded with PHŒNIX INSURANCE COMPANY and Others, Appellants.

First Department, June 13, 1919.

Banks and banking — action by Superintendent of Banks to enforce statutory liability of shareholders of Carnegie Trust Company — provisions of Banking Law and of charter of said trust company construed — constitutional law — amendment of Banking Law not impairing obligation of contract as contained in charter of said trust company — application of section 7 of article 8 of State Constitution — stockholders not entitled to credit of excess payment for stock — action properly brought by Superintendent of Banks in his own name — pleading — waiver of defect appearing on face of complaint by failure to demur on specific ground — complaint stating cause of action — defenses, insanity at time of purchase of stock, transfer of stock by shareholder prior to his death.

In an action commenced in January, 1913, by the State Superintendent of Banks under sections 19 and 196 of the Banking Law, as it then existed, against the defendants, as shareholders of the insolvent Carnegie Trust

Company, to enforce their liability under said section 196, provisions of the Banking Law and of the special act under which said trust company was incorporated, examined and *held*, that said section of the Banking Law is binding upon the defendants.

Chapter 143 of the Laws of 1908, amending section 18 of the former Banking Law, permitting the Superintendent of Banks to enforce the individual liability of shareholders and rendering it unnecessary first to recover a judgment where the Superintendent is involved, is applicable to the aforesaid action and is not unconstitutional upon the ground that it seeks to impair the obligation of the contract as contained in the special act between the State and the trust company and its shareholders. · This because, by the provisions of said special act or charter, the Legislature reserved the right to change even the express terms of the charter.

The statutory provisions involved in this action merely carry out the mandate of section 7 of article 8 of the State Constitution relating to the individual responsibility of stockholders of corporations, etc., organized for banking purposes.

Section 7 of article 8 of the State Constitution applies to all corporations and associations that engage in banking activities, whether such activities are the sole object of organization or merely incidents to the general business conducted.

Stockholders of the Carnegie Trust Company who paid to it an amount in excess of the par value of their stock are not entitled to a credit for such excess as against their statutory liability.

This action was properly brought by the Superintendent of Banks in his own name.

Chapter 369 of the Laws of 1914, amending the Banking Law, in so far as it provides as to who shall be the nominal plaintiff, is a mere rule of procedure which may be invoked, if necessary, to sustain the prosecution of an action in the name of the Superintendent of Banks.

If there be any defect in bringing an action in the name of the Superintendent of Banks and the same appears on the face of the complaint, objection must be taken by demurrer on the specific ground of incapacity to sue, and the failure to so raise the question amounts to a waiver, even though a demurrer be interposed on the ground of failure to allege a cause of action.

·The complaint in the aforesaid action states a cause of action.

Actual insanity, unadjudicated, where the insane person purchased stock from another shareholder, is not a defense to the statutory liability. Hence, a contention by a defendant in the aforesaid action that her testator was insane at the time he bought his stock, it being ·conceded that he was not adjudicated insane, does not relieve her from liability and the trial court properly excluded evidence tending to establish insanity.

The provision of section 394 of the Code of Civil Procedure that this " chapter does not affect " an action against the stockholders of a moneyed corporation, merely means that none of the specific periods of limitation elsewhere contained in the chapter are applicable to said action.    Said

provision was never intended to render inapplicable to such action the general provisions contained in section 399.

A contention by certain defendants that their testator was not a shareholder at the time of his death, and their attempt to bring themselves within the rule that where a shareholder does all that can reasonably be required of him to effect the transfer on the books of the corporation, he relieves himself from liability, was properly denied under the evidence.

APPEAL by the defendants, Phœnix Insurance Company and others, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 16th day of January, 1918, upon the decision of the court after a trial at the New York Special Term.

*Roger S. Baldwin* of counsel [*Baldwin & Hutchins,* attorneys], for the appellant Phœnix Insurance Company.

*William Barber* of counsel [*Barber, Watson & Gibboney,* attorneys], for the appellant William J. Hance.

*Arthur M. Johnson* [*Johnson & Mills,* attorneys], for the appellant Alice Maud Phipps, as executrix, etc.

*Almuth C. Vandiver* of counsel [*Lanman Crosby* with him on the brief; *O'Gorman, Battle & Vandiver,* attorneys], for executors of Charles C. Dickinson, deceased, appellants.

*William F. Allen* of counsel [*Everett, Clarke & Benedict,* attorneys], for the appellant Annie N. Alexander, as executrix, etc.

*Robert B. Knowles,* for the appellant James E. R. Carpenter.

*Roger S. Baldwin* of counsel [*Baldwin & Hutchins,* attorneys], for all other appellants.

*Samuel S. Koenig* of counsel [*Koenig, Goldsmith & Sittenfield,* attorneys], for the respondent.

PHILBIN, J.:

This action was commenced in January, 1913, by the State Superintendent of Banks under sections 19 and 196 of the Banking Law, as it then existed, against the defendants as shareholders of the insolvent Carnegie Trust Company. (Consol. Laws, chap. 2 [Laws of 1909, chap. 10], § 19, as amd.

by Laws of 1910, chap. 452; Id. § 196.) In January, 1911, the Superintendent of Banks, pursuant to law, took possession of the assets of the said company for the purpose of liquidation. In November, 1912, there was mailed to all stockholders of record of the company a notice requiring them to pay an assessment to the full amount of the par value of the stock held by them in the company. Section 196 of the Banking Law was part of article 5 entitled " Trust Companies " and, at the time this action was commenced, read as follows:

" § 196. *Liability of stockholders and directors.* If default shall be made in the payment of any debt or liability contracted by any such corporation, the stockholders thereof shall be individually responsible, equally and ratably, for the then existing debts of the corporation, but no stockholder shall be liable for the debts of the corporation to an amount exceeding the par value of the respective shares of stock by him held in such corporation at the time of such default. * * * "

Judgment was rendered at Special Term against the appellants for amounts equivalent to the par value of their respective holdings of stock.

There are many appellants, but all except one have joined in a general brief which raises points relied upon in common. Several appellants have also filed individual briefs dealing with contentions peculiar to their respective cases. The general points will be considered first. The appellant George T. Rogers, who refrained from joining in the general brief, brings the case up for review by a separate appeal. (188 App. Div. 469.)

The main contention of the appellants is that their liability is not controlled by section 196 above quoted. They deny all so-called " double liability " as shareholders. They assert that, as shareholders of the Carnegie Trust Company, their position is unique and different from that of shareholders in trust companies generally.

The Carnegie Trust Company was incorporated by a special act of the Legislature under the name Security Assurance Company (Laws of 1898, chap. 599, as amd. by Laws of 1899, chap. 293). Section 7 of the act, as amended, reads as follows:

" § 7. The rights, powers and privileges *herein granted* to said corporation shall not be controlled, limited or restricted

by any existing statute or law of this State; but so far as such statute or statutes of law are or might otherwise be inconsistent with the provisions of this act or any of them, they are and shall be deemed to be altered and amended so far as they are or might be applicable to said corporation, so as to conform to the provisions of this act, which provisions shall be in lieu of all provisions in said statutes relating to the same subject matter. Except upon subjects or matters relating to which *special* provision is made in this act, the said corporation shall be subject to and entitled to the benefits of all general laws of this State relating to corporations and applicable to such *corporations;* and the said corporation shall be subject to the same supervision, inspection and examination by the Superintendent of Banks, or some person or persons appointed by him, known as examiners, as is provided in section eight of the Banking Law, and shall be subject to the provisions of sections seventeen and eighteen of the Banking Law so far as said provisions relate to trust companies. The amendment of any such general laws shall not be deemed to be intended to amend any of the *express* provisions of this act unless such intention is clearly expressed in the act or acts making such amendment of such general laws."

The only part of this quotation which needs particular explanation is " such corporations." The significance of the word " such " is not entirely clear, but a reading of the entire charter act shows that " such corporations " means corporations such as the one created thereby. Section 2 of the charter act contains a recital of powers conferred upon the corporation. It is not necessary to enumerate them here. It will suffice to say that they show the corporation to be, in all material respects, a trust company. The accuracy of this view is confirmed by the subsequent change of name from Security Assurance Company to Carnegie Trust Company. (See Laws of 1906, chap. 147, amdg. charter act, § 1.) When the Legislature enacted as above that the said corporation should be subject to, and entitled to the benefits of, all general laws of this State relating to corporations and " applicable to such corporations," the intention was that the newly created corporation should be subject to all general laws applicable to *trust companies.* The charter act itself contains

no express provision as to liability of stockholders. There is, therefore, no inconsistency between the charter act and a general law, if any, imposing a so-called double liability on shareholders of trust companies. The Banking Law is a general law. As already noted, the charter of the trust company was enacted in 1898 and amended in 1899. At such times, a provision as to liability of shareholders of trust companies was in fact contained in section 162 of the then Banking Law (Gen. Laws, chap. 37; Laws of 1892, chap. 689). That section was re-enacted as section 196 of the Banking Law of 1909 and was in force at the time this action was commenced and is the provision of law above quoted. Unless in some way the charter act negatives the double liability imposed by the general statute, the stockholders of the Carnegie Trust Company occupy no better position than that of shareholders in trust companies generally. The provisions of section 7 of the charter act are not obscure. It is provided, among other things, that as to matters not *expressly* covered by the charter act, the trust company shall be subject to all general laws relating to trust companies. As the charter act, as already noted, contains no express provision as to liability of shareholders, it is clear that such liability is regulated by the provisions of section 162 (renumbered 196) of the Banking Law. To confirm this conclusion, we find in section 163, as it existed in 1898 and 1899, when the charter was enacted and amended, the following:

"§ 163. *Powers of specially chartered trust companies.*— Every trust company incorporated by a special law shall possess the powers of trust companies incorporated under this chapter and shall be subject to such provisions of this chapter as are not inconsistent with the special laws relating to such specially chartered company."

There we have an express statutory declaration that the preceding section 162 (renumbered 196) applies to the Carnegie Trust Company, for the reason that there is nothing in the special charter of that company inconsistent with double liability on the part of its shareholders. The charter of the trust company is, in a limited sense, merely the acts of 1898 and 1899; but, in a broader and more proper sense,

the charter embodies not only the special enactments but also, by reference and implication, all provisions of the Banking Law in effect at the time and applicable to trust companies and not inconsistent with the *express* provisions of the charter act. That law included, and still includes, the provision as to liability of shareholders for an amount up to the par value of the stock held by them. The conclusion is, therefore, that section 196 binds the appellants. This accords with sound principles of justice. It would indeed be unfortunate if the Legislature had, inadvertently, placed the Carnegie Trust Company shareholders in a favored class.

The appellants also contend that even if the Carnegie Trust Company was at the time of its creation made subject to the Banking Law, the obligations of the shareholders are to be measured by the provisions of the Banking Law at such time of creation and cannot be changed by subsequent amendment not specifically referring to the charter act. It appears from their argument that what appellants have in mind is chapter 143 of the Laws of 1908, which amended section 18 (renumbered 19 in the year 1909) of the Banking Law of 1892, and which permits the Superintendent of Banks to enforce the individual liability of shareholders. The appellants say that, prior to the passage of that amendment, it was incumbent upon any one seeking to recover from a shareholder for a debt of the corporation to show, under section 55 of the Stock Corporation Law (Gen. Laws, chap. 36; Laws of 1892, chap. 688), which is now section 59 of the Stock Corporation Law (Consol. Laws, chap. 59; Laws of 1909, chap. 61), that a judgment had been recovered against the corporation and execution returned unsatisfied; that even though the amendment of 1908 altered the rule generally, by rendering it unnecessary first to recover a judgment where the Superintendent is involved, it did not do so in this particular case. The reason assigned is that such alteration would be unconstitutional in seeking to impair the obligation of the contract as contained in the charter act, between the State and the Carnegie Trust Company and its shareholders. There is no merit in this contention. The last sentence of section 7 of the charter act, quoted above, provides: " The amendment of any such general laws

shall not be deemed to be intended to amend any of the express provisions of this act unless such intention is clearly expressed in the act or acts making such amendment of such general laws." In other words, the Legislature reserved the right to change even the *express* terms of the charter act; *a fortiori*, the Legislature reserved the right to change the implied terms, which consist of the pertinent provisions of general laws not inconsistent with the express terms of the charter act. One of such implied terms, as already indicated, related to the liability of shareholders. The Legislature might, under the express reservation, have even increased that liability. Certainly, the Legislature reserved full power to change the particular manner of enforcing an unchanged liability. (See *Van Tuyl* v. *Scharmann,* 208 N. Y. 53.)

The statutory provisions involved in this action must be regarded as simply carrying out the mandate of the State Constitution. Section 7 of article 8 reads as follows: " The stockholders of every corporation and joint stock association for banking purposes, shall be individually responsible to the amount of their respective share or shares of stock in any such corporation or association, for all its debts and liabilities of every kind."

This provision applies to all corporations and associations that engage in banking activities, whether such activities are the sole object of organization or merely incidents to the general business conducted. It is, therefore, not necessary to hold the Carnegie Trust Company to be a bank, in the technical sense, in order to bring the stockholders within the purview of the constitutional provision. An important part of the business of the company involved banking purposes and transactions such as commonly take place in banks. The design of the State was clearly that those undertaking to care for the moneys of others and derive a profit therefrom, in the manner usually followed in the banking business, should be held to the highest accountability, whether they were immediately involved in the performance of the duty or simply stockholders.

It is also claimed, particularly by the appellant Carpenter, that where stockholders have paid to the Carnegie Trust Company an amount in excess of the par value of their stock,

they are entitled to a credit for such excess as against the double liability imposed on stockholders. This loses sight of the fact that the law imposes a positive statutory liability in favor of creditors, who ordinarily have no means of knowing the private arrangements between the shareholders and the company. The statute creates what is in the nature of an ultimate reserve fund. To permit stockholders to avoid the ultimate liability, in the manner urged, would be to nullify the law. Apart from the logic of the situation, there is the highest authority against appellant's contention. (*Delano* v. *Butler*, 118 U. S. 634.)

Another contention is that this action should have been brought in the name of the Carnegie Trust Company and not in the name of the Superintendent of Banks. Section 19 of the Banking Law, as it existed when this action was commenced, after reciting various powers and duties of the Superintendent, read in part as follows: " * * * and may, if necessary to pay the debts of such corporation, enforce the individual liability of the stockholders. For the purpose of executing and performing any of the powers and duties hereby conferred upon him, the Superintendent may, in the name of the delinquent corporation * * *,· prosecute and defend any and all suits and other legal proceedings * * *."

Undoubtedly it would be proper to have the trust company as the nominal plaintiff, but it does not necessarily follow, under the statute, that the Superintendent cannot maintain the action in his own name. In the cases of *Van Tuyl* v. *Schwab* (165 App. Div. 412 — an appeal in the present action) and *Van Tuyl* v. *Scharmann* (208 N. Y. 53) the State Superintendent sued in his own name and neither the Court of Appeals nor this court denied relief because of such fact. Inferentially at least, those cases are some authority sustaining the prosecution of this action in its present form. It is also to be noted that in *Van Tuyl* v. *Schwab* (172 App. Div. 670), another appeal in the present action, this court has held that the amendments to the Banking Law by chapter 369 of the Laws of 1914 (Consol. Laws, chap. 2) may to some extent be regarded as merely regulative of procedure and, therefore, retroactive. Section 80 now provides specifically

that the Superintendent may maintain the action in his name of office. I am of the opinion that the amendment of 1914 in so far as it provides as to who shall be the nominal plaintiff is a mere rule of procedure which may be invoked, if necessary, to sustain the prosecution of the action in the name of the Superintendent. There is still another answer. If there be any defect in bringing this action in the name of the Superintendent, the same appears on the face of the complaint, and should have been taken by demurrer on the specific ground of incapacity to sue. (Code Civ. Proc. §§ 488, 490.) Failure so to raise the question amounts to a waiver, even though a demurrer be interposed on the ground of failure to allege a cause of action. (*Palmer* v. *Roods,* 116 App. Div. 66; Code Civ. Proc. §§ 498, 499; *Berg* v. *Bates,* 153 App. Div. 12, 14; *Rosenbloom* v. *Maryland Casualty Co.,* Id. 23, 26; *Sullivan* v. *N. Y. & R. C. Co.,* 119 N. Y. 348, 356.) Therefore, the objection is not available to those appellants who failed to demur on the specific ground. The other appellants did interpose a demurrer in proper form, but the same was overruled and no appeal taken. It is, therefore, the law of this case that the plaintiff has legal capacity to sue in his name of office.

It is also urged that no cause of action is alleged by the plaintiff. The complaint has already been before this court on several occasions and we have uniformly dealt with it on the theory that it is sufficient. In *Van Tuyl* v. *Schwab* (165 App. Div. 412) a demurrer was interposed in this action to a defense and counterclaim. The demurrer of course opened up the record, and the decision of this court, sustaining the demurrer and holding the defense and counterclaim bad, is an adjudication that the complaint states a cause of action.

The foregoing covers all the appellants' general points which have sufficient merit to require consideration, and the plaintiff was entitled to recover judgment against all of the defendants unless there be merit in some of the special points urged and which will now be discussed.

The appellant Phipps contends that her testator was insane at the time he bought his stock and became a shareholder of record and that, because of such insanity, there is no liability. It is expressly conceded that the testator was not.

adjudicated insane.  He bought his stock from a third party and was not the holder of an original issue.  The trial court excluded all evidence to establish insanity.  The question here is whether actual insanity, unadjudicated, where the insane person purchased from another shareholder, is a defense to the statutory liability.  In the case of *Blinn* v. *Schwarz* (177 N. Y. 252, 262, 263) the court says: " Although the decisions of the courts upon the subject are not uniform, according to the weight of authority in this State, as well as elsewhere, the deed of a lunatic before office found is voidable only and not void.  *  *  *

" We think the rule laid down by these cases is sound and in the interest of those afflicted with disease of the mind. The deed of a lunatic is not void, in the sense of being a nullity, *but has force and effect until the option to declare it void is exercised.*  The right of election implies the right· to ratify, and it may be greatly to the advantage of the insane person to have that right.  If the deed or contract is void, it binds neither party, and neither can derive any benefit therefrom, but if voidable, the lunatic, upon recovering his reason, can hold on to the bargain if it is good and let go if it is bad. This option is valuable, for it gives him the power to do as he wishes, and to bind or loose the other party at will."

So, therefore, in this case, the transfer of stock and the recording thereof in the books of the Carnegie Trust Company are not void but merely voidable.  Even if it should be held that the statutory liability would fall if the contract of sale is avoided as between the executrix and her testator's vendor, she has failed to show a disaffirmance.  It is nowhere alleged that she has, as between herself and the vendor, done anything to effect a rescission.  Her position is that she seeks to defeat recovery against herself without giving a right of recovery against the vendor.  The ruling of the learned trial court, both as to the non-admissibility of evidence of insanity and as to the appellant's liability, was proper.

The appellant Alexander relies upon the Statute of Limitations.  She was served by publication under an order dated March 6, 1914, and, by special appearance, sought to vacate the order but was unsuccessful.  On appeal the action of the lower court was affirmed.  (*Van Tuyl* v. *Schwab*, 164

App. Div. 933.) That decision established, contrary to the appellant's present contention, that the order of publication was properly made. Subsequently, the appellant appeared generally and pleaded the Statute of Limitations. The action was commenced at a time when the law fixed three years as the period of limitation. (Code Civ. Proc. § 394.) Even if, as appellant contends, the cause of action accrued when the Superintendent took possession of the Carnegie Trust Company on January 7, 1911, he had until January 7, 1914, to serve the appellant. An examination of the record on the former appeal (No. 6155, Oct. 1914) discloses that the summons was delivered to the sheriff, pursuant to section 399 of the Code of Civil Procedure, *within the three-year period* with the intent that it be served within the additional sixty days as provided in that section. However, the appellant contends that section 399 has no application here and that, the action not having been actually commenced within the three-year limitation, the plaintiff is barred. The ground upon which appellant bases her claim is that section 394 declares that *chapter* IV, in which sections 394 and 399 are included, shall not affect an action of this character and that the time within which such action must be brought is three years. Section 394 provides as follows: " This chapter does not affect an action against a director or stockholder of a moneyed corporation, or banking association, to recover a penalty or forfeiture imposed, or to enforce a liability created by the common law or by statute; but such an action must be brought within three years after the cause of action has accrued." A reading of the *chapter* compels the conclusion that the declaration that the " chapter does not affect " this action merely means that none of the specific periods of limitation elsewhere contained in the chapter are applicable to this action. Such declaration was never intended to render inapplicable to this action such general provisions as are contained in section 399. There are other provisions of the chapter as to which there can be no doubt of their applicability to this action. (See, for example, Code Civ. Proc. §§ 398, 405, 406.) Section 398 provides that an action is deemed commenced, for the purpose of computing the period of limitation, when the summons is served. Section 394, with its own period of

limitation, would be meaningless if not supplemented by section 398. It must be held that section 399 applies to this action and that it was commenced within three years, the summons having been delivered to the sheriff within that period and the first publication having been had within sixty days thereafter.

The appellants Dickinson state in their brief that their testator was not a shareholder at the time of his death. As a matter of fact he was at such time the record owner of 460 shares and judgment has accordingly been rendered against his representatives. They seek to avoid the fact of their testator being a record shareholder and the consequent liability (*Van Tuyl* v. *Robin*, 160 App. Div. 41; affd., 211 N. Y. 540; *Richards* v. *Robin*, 175 App. Div. 296; affd., 225 N. Y. 719) by showing that their testator had sold his shares to certain officials of the Carnegie Trust Company, and by bringing themselves within the rule that where a shareholder does all that can reasonably be required of him to effect the transfer on the books of the corporation, he relieves himself of liability as a shareholder. (*Whitney* v. *Butler*, 118 U. S. 655; *Richards* v. *Robin*, 178 App. Div. 535, 543.) The trial court, however, found against the appellants on the facts and the evidence sustains the findings and they should not be disturbed.

The judgment should be affirmed, with costs.

CLARKE, P. J., DOWLING, SMITH and PAGE, JJ., concurred.

Judgment affirmed, with costs.