JOSEPH A. BRODERICK, as Superintendent of Banks of the State of New York, Respondent, *v.* MAX AARON and Others, Defendants, Impleaded with WILLIAM KORNBERG and Another, Appellants.

JOSEPH A. BRODERICK, as Superintendent of Banks of the State of New York, Appellant, *v.* MAX AARON and Others, Defendants, Impleaded with WILCO-KORNBERG CO., INC., Respondent.*

First Department, February 15, 1935.

* See 151 Misc. 516, 525.

*Harold N. Cohen* of counsel [*Edward Feldman, Warren C. Fielding* and *Isadore H. Cohen* with him on the brief; *Carl J. Austrian,* attorney], for the plaintiff.

*Sidney Wedeen* of counsel [*Manuel J. Price* with him on the brief; *Cohen & Wedeen,* attorneys], for the defendants William Kornberg, William Kornberg Co., Inc., and Wilco-Kornberg Co., Inc.

GLENNON, J. This action was instituted by the Superintendent of Banks to recover the assessment levied against the stockholders of the Bank of United States.

The questions now presented involve only an appeal by the plaintiff from that part of the amended judgment of Special Term entered after the trial dismissing the complaint against the defendant Wilco-Kornberg Co., Inc., and an appeal by the defendants, William Kornberg and William Kornberg Co., Inc., from that part of the judgment which fixes their respective liabilities at $10,477.50 and $275 growing out of their assessments as stockholders of the Bank of United States.

After judgment the parties entered into a stipulation whereby it was agreed that the only questions to be raised upon these appeals were: " Is the defendant, Wilco-Kornberg Co., Inc., liable for the assessment levied against the 10 shares of the capital stock of The Bank of United States acquired by it on December 26, 1930, after the closing of The Bank of United States?

" Was the assessment liability of defendants, William Kornberg Co., Inc., and William Kornberg released and satisfied by the terms of the general release executed April 2, 1931, in the name of The Bank of United States as set forth in paragraph ' 26 ' hereof?"

The following facts are set forth in the plaintiff's brief in so far as the defendant Wilco-Kornberg Co., Inc., is concerned, and are accepted as true in the brief submitted by that defendant: On December 26, 1930, the defendant Wilco-Kornberg Co., Inc., for a valuable consideration, purchased and acquired and has since continued to be and now is the legal and equitable owner of ten shares of the capital stock of the Bank of United States. The Superintendent took possession of the Bank of United States on December 11, 1930, on the ground that it could not " with safety and expediency continue in business and not on the ground of insolvency." Prior and subsequent to December 26, 1930, the capital stock of the bank continued to be bought and sold on the open market at prices varying from one dollar to four dollars a share. Negotiations were then and until long subsequent to December 26, 1930, pending between the Superintendent and various committees looking to the reorganization and reopening

of the bank or its private liquidation under plans contemplating payment in full to creditors and the issuance of participation certificates entitling stockholders to share in any surplus. No assessment was levied against stockholders of the Bank of United States until long subsequent to December 26, 1930. Plaintiff's proof established that in June, 1932, there was due and owing by such bank to its creditors over and above the reasonable value of its assets a sum in excess of $30,000,000. There is no evidence of insolvency at an earlier date.

In addition thereto it was stipulated by the parties: " On December 26, 1930, defendant Wilco-Kornberg Co., Inc., a domestic corporation, was organized and for a valuable consideration purchased and acquired all of the assets of William Kornberg Co., Inc., including the ten (10) shares of the capital stock of The Bank of United States referred to in paragraph ' 11 ' of this stipulation, and said defendant, Wilco-Kornberg Co., Inc., has since continued to be and now is the legal and equitable owner of such shares."

We believe that the defendant Wilco-Kornberg Co., Inc., is liable for the full amount of the assessment. Article VIII, section 7, of the State Constitution was adopted, and section 120 of the Banking Law was enacted, for the benefit of the creditors of banking institutions in the event of insolvency. Section 120 reads in part as follows: " The stockholders of every bank shall be individually responsible, equally and ratably and not one for another, for all contracts, debts and engagements of the bank, to the extent of the amount of their stock therein, at the par value thereof, in addition to the amount invested in such shares * * *. The term ' stockholder ' as used in this section shall apply to:

" 1. Such persons as appear by the books of the bank to be stockholders;

" 2. Every owner of stock, legal or equitable, although the same may be on such books in the name of another person."

It will be remembered that the Superintendent of Banks took possession on December 11, 1930. Wilco-Kornberg Co., Inc., on December 26, 1930, purchased and acquired ten shares of the capital stock of the bank and still is the legal and equitable owner. Since that is so, it comes squarely within the provisions of subdivision 2 of section 120. There is nothing in the Banking Law which indicates an intent upon the part of the Legislature to limit the provisions relating to liability to those who became stockholders prior to the closing of a bank, In this case we have the stipulated fact that on December 26, 1930, when the ten shares were acquired, the stock of the bank was being bought and sold in the open market at prices varying from one dollar to four dollars

per share. While it is well settled that the closing of a bank constitutes an automatic default in the payment of its debts and obligations (*People* v. *Merchants' Trust Co.*, 116 App. Div. 41; affd., 187 N. Y. 293; *Barnes* v. *Arnold*, 23 Misc. 197; affd., 45 App. Div. 314; affd., 169 N. Y. 611; *Richmond* v. *Irons*, 121 U. S. 27), still the mere taking possession by the Superintendent of Banks did not impair or affect its corporate existence. (*Isaac* v. *Marcus*, 258 N. Y. 257; *Matter of Bank of Cuba*, 198 App. Div. 736; *Lafayette Trust Co.* v. *Beggs*, 213 N. Y. 280; *Matter of Union Bank of Brooklyn*, 204 id. 313; *Lafayette Trust Co.* v. *Higginbotham*, 136 App. Div. 747; *Yokohama Specie Bank, Ltd.*, v. *Chinese Merchants Bank*, 219 id. 256; Banking Law, §§ 57, 59, 60, 61, 71, 79.) If the bank had reopened on a solvent basis, or if there had been a surplus and no assessment, we do not believe that Wilco-Kornberg Co., Inc., would have taken the position that it was not a stockholder within the meaning of the Banking Law. This corporation well knew, or should have known, when it acquired the stock, that it might be subject to an assessment in the event that the bank was subsequently declared insolvent.

The second question presented by the appeal of defendants William Kornberg and William Kornberg Co., Inc., involves an entirely different set of facts. The following *résumé* of the terms of the stipulation, in so far as these defendants are concerned, is also set forth in the Superintendent's brief and accepted as true by these defendants.

On and prior to December 11, 1930, the Bank of United States was the owner of negotiable instruments amounting to approximately $31,000 made by William Kornberg Co., Inc., and indorsed by William Kornberg. An agreement was entered into between William Kornberg Co., Inc., and all of its creditors, including the Bank of United States, under which the debtor agreed to pay and the creditors to accept seventy per cent of the indebtedness in full release and satisfaction of their claims. The testimony contained in the stipulation relating to the discussions with Mr. Piderit, Special Deputy Superintendent of Banks, shows clearly that the defendant was informed of the assessment liability and stated that he could not make any arrangements to pay his assessment at the time of the settlement. It is further shown that thereafter a petition was submitted to the Supreme Court seeking authority to accept the offer of seventy per cent and that the petition related exclusively to the note indebtedness to the Bank of United States and did not relate to or affect the assessment liability. The order entered upon the Superintendent's petition likewise limited his authority to accept seventy per cent of the

indebtedness in discharge only of the general indebtedness to the Bank of United States. It is further shown that the defendants paid the Bank of United States only seventy per cent of their general indebtedness to it and that no additional moneys were paid which would support any consideration for the release of the assessment. The release introduced into evidence in express language is a general release by the Bank of United States of any claim or cause of action which " said The Bank of United States ever had, now has or which it or its successors * * * hereafter can, shall or may have * * *."

Our answer to the second question is that these defendants were not released from assessment liability. We concur in the view of the court at Special Term (151 Misc. 525, 526) wherein it said: " Defendants rely upon this release as a discharge from the payment of their assessments. The Bank of United States, however, has no title to nor right to enforce or release the assessment liability of its stockholders and the release, therefore, constitutes no discharge of the assessment liability. (*Van Tuyl* v. *Schwab*, 165 App. Div. 412.)"

Since the language of the learned court is clear, and the reasoning logical, there is very little that need be added. The right to enforce an assessment liability is given pursuant to section 120 of the Banking Law, to the Superintendent, in the first instance, and, upon his refusal to institute an action or proceeding, to any creditor of the bank.

For the reasons stated, the first question is answered in the affirmative, and the second question in the negative.

The judgment so far as appealed from by the defendants William Kornberg Co., Inc., and William Kornberg should be affirmed, but without costs, upon stipulation of the parties; in so far as appealed from by the plaintiff, the judgment, as amended, should be reversed, without costs, and judgment directed in favor of the plaintiff against the defendant Wilco-Kornberg Co., Inc., as owner of ten shares of the capital stock of the Bank of United States.

MARTIN, P. J., McAVOY, O'MALLEY and TOWNLEY, JJ., concur.

Judgment so far as appealed from by the defendants William Kornberg Co., Inc., and William Kornberg affirmed, without costs, upon stipulation of the parties. In so far as appealed from by the plaintiff, said judgment, as amended, reversed, without costs, and judgment directed in favor of the plaintiff against the defendant Wilco-Kornberg Co., Inc., as owner of ten shares of the capital stock of the Bank of United States. Settle order on notice reversing findings inconsistent with this determination, and containing such new findings of fact proved upon the trial as are necessary to sustain the judgment hereby awarded.